**RECEIVED**
IN ALEXANDRIA, LA.

UCT – 6 2009

TONY R. MOORE CLERK
BY_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL NO. 1:06–cr–10030-01

-VS-                                                              JUDGE DELL

**ANITA MORRIS et al.**                                **MAGISTRATE JUDGE KIRK**

## ORDER AND RULING

For the following reasons, the Report and Recommendation is **NOT ADOPTED.**
However, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 is hereby **GRANTED.**
Specific dispositions will follow the Court's reasoning below.

In a strange twist of events we have before us a Report and Recommendation
from the magistrate judge (Doc. 121) on an initial review of Petitioner's motion under 28
U.S.C. § 2255 to vacate, set aside, or correct her sentence. The attack by Petitioner is on
her counsel; the claim is that her counsel was ineffective. The motion and Report and
Recommendation go to great lengths in analyzing counsel's performance pursuant to the
two-pronged test of Strickland v. Washington, 466 U.S. 668, 687 (1984).

The difficulty is that the magistrate judge improperly presumes to read the mind
of the district judge, asserting that "but for counsel's unprofessional errors, the result of
the proceeding would have been different." (Doc. 121, p. 5). The magistrate judge's
error is compounded when he presumes, "[s]ince the district judge chose to impose the
lowest possible sentence under the incorrect guidelines sentencing range, there is a
reasonable probability that, had the district judge been aware of the correct guideline
range, he would have imposed the lowest sentence in that range." (Doc. 121, p. 12).
That presumption does not allow for proper sentencing analysis. As such, the

5

proposition that prejudice resulted from defense counsel's failure to object to the sentence is an obvious non-sequitur.[1]

Petitioner is allowed by statute, however, to seek a correction of her sentence on other, more tenable, grounds. Under 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence . . . is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, Petitioner is entitled to assert that the sentence initially imposed by the Court erroneously applied an enhancement provision in the sentencing guidelines. On this basis alone, the Court will now review Petitioner's motion.

The disputed provision in this case, U.S.S.G. § 2B1.1(b)(8)(D), provides as follows:

> If the offense involved . . . a misrepresentation to a consumer in connection with obtaining, providing, or furnishing financial assistance for an institution of higher education, increase by 2 levels. If the resulting offense level is less than level 10, increase to level 10.

In questioning the original sentence imposed upon Petitioner, the magistrate judge stated that this Court incorrectly or inadvertently equated the term "institution of higher learning" with the term "consumer," such that Petitioner's misrepresentations to the financial institution, in this case Northwestern State University, justified the Court's application of the enhancement provision. (Doc. 121, p. 10). That observation is incorrect. Additionally, the Petitioner relies only upon a statement in the text of

---

[1] Such a presumption also runs contrary to the nature of sentencing procedure and the obligation of the district judge to fashion a sentence which is entirely just under the circumstances, and which fully considers not only guidelines but also the sentencing factors pursuant to 18 U.S.C. § 3553(a).

2

Amendment 617 found in Appendix C of the Guidelines Manual (erroneously referring to a superceded version of Appendix C for 2001). Therein it is observed, "[t]he enhancement targets the provider of financial assistance *or scholarship services*, not the individual applicant for such assistance or scholarship, consistent with the intent of the legislation." U.S. Sentencing Guidelines Manual app. C, amend. 617, 178 (2003) (emphasis added).

In this case Ms. Morris purported to act not as the applicant except in her own fraudulent application. As to the other defendants, she acted as a provider of financial assistance and scholarship services, albeit fraudulent ones. She even charged a commission for her services. (Presentence Report - Anita Morris, Part A, ¶¶ 13-20). There is no limitation or exclusion in the guidelines, in the application notes, or in the Appendix C commentary for persons like her who act as fraudulent agents for other consumers.

However, if we construe the term "consumers" in U.S.S.G. § 2B1.1(b)(8)(D) to include only those persons who fraudulently applied for and received financial assistance or scholarships with Petitioner's illicit aid, then Petitioner's conduct would not fall within the boundaries of the enhancement provision. The individuals who became involved with Petitioner would be "consumers" but for their active partnership in the fraud. Moreover, Petitioner's statements to them would be "misrepresentations," but for their purpose, which was to *solicit and enlist* the other participants, rather than to defraud them.[2]

---

[2] The government's claim that Petitioner made a misrepresentation to one individual is not supported by the record. Although the Petitioner may have used that individual's personal information in her scheme without his participation - it appears that the Petitioner used his name, but that he did not receive any money as a result of the scheme - there is no proof that

The Court notes that the language of U.S.S.G. § 2B1.1(b)(8)(D) appears to be a strained interpretation of the congressional directive below which gave rise to the enhancement in the first place:

> Pursuant to its authority under section 994(p) of title 28, United States Code, the United States Sentencing Commission shall amend the Federal sentencing guidelines in order to provide for enhanced penalties for *any offense involving fraud or misrepresentation in connection with the obtaining or providing of, or the furnishing of information to a consumer on, any scholarship, grant, loan,* tuition, discount, award, or other financial assistance for purposes of financing an education at an institution of higher education, such that those penalties are comparable to the base offense level for misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency.

Pub. L. No. 106-420, § 3, 114 Stat 1867, 1868 (2000) (emphasis added). By these terms, Congress appears to have intended the enhancement to apply to "any offense involving fraud or misrepresentation in connection with the obtaining . . . of . . . any scholarship, grant, loan . . . or other financial assistance."[3] Id. No requirement of a misrepresentation to a consumer appears in the statutory language; rather, fraudulent procurement of financial assistance should trigger the ordered guideline enhancement. See id. That dictate from Congress, coupled with its specific findings directing the legislation, in part, toward "fraudulent purveyors of so called 'scholarship services'" makes it clear to us that misrepresentations by the institution doing the lending are not the only intended legislative target. Id. § 2, 114 Stat. at 1867. We have no further guidance, however, in

---

she made any misrepresentations to that individual. (Presentence Report - Anita Morris, Part A, ¶ 19).

[3] The use of the disjunctive "or" in the provision creates two bases in the public law for applying the enhancement: offenses involving (1) "fraud or misrepresentation in connection with the obtaining or providing of" financial assistance, or (2) "the furnishing of information to a consumer on" financial assistance. Id.

Appendix C, or in the guidelines explaining why the guideline and its application notes do not fully address what we see as congressional intent.

Here, the record of the case, including the testimony of the witness at Ms. Morris's guilty plea, makes it clear that her role in the perpetration of the offenses was primary. As we observed, the dictate of Public Law No. 106-420 is not directed only at legitimate institutions who make fraudulent representations and schemes. It is directed at anyone who is a fraudulent purveyor of them. Anita Morris is just such a person. But, given the above anomaly, the Court acknowledges that Ms. Morris's conduct simply does not fall within the express language of U.S.S.G. § 2B1.1(b)(8)(D), and thus, the guideline enhancement was applied in error.

Petitioner has made no request for a hearing, and does not take issue with any finding of fact or other evidentiary or legal matter related to her guilty plea. Rather, Petitioner's fundamental claim is that a defect in the Court's sentencing procedure occurred. A court may dismiss a motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id. § 2255(b).[4] However, "Rule 8 of the Rules Governing Section 2255 Proceedings provides that '[i]f the motion is not dismissed, the judge must review the answer, any transcript and records of prior proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted.'" See United States v. Cavitt, 550 F.3d 430, 442 (5th

---

[4] Under 28 U.S.C. § 2255(b), a court is generally obliged to hold a hearing to "make findings of fact and conclusions of law" regarding the motion. However, there are no such findings or conclusions to be reached in this case. The Petitioner asserts her ineffective assistance of counsel claim based not upon a substantive error at trial, an evidentiary shortcoming, or any other grounds which may require extensive discovery or argument. In addition, the following section states that "[a] court may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id. § 2255(c).

Cir. 2008). The Court has conducted a thorough review, and now finds that, because there is no disputed issue of fact or law, but rather only a matter of sentencing procedure which will hereby be corrected in Petitioner's favor, no evidentiary hearing is warranted.[5] Indeed, there is no evidence necessary, as the correction issue is, in this instance, purely a matter of law.

The Court's **ORDER** is as follows. The Report and Recommendation in this case improperly fails to reject Petitioner's ineffective assistance of counsel claim. Any error in the calculation of Petitioner's sentence under these facts rests with the Court, not with defense counsel. Therefore, the Report and Recommendation is **NOT ADOPTED.**

Nonetheless, equity requires maintenance of our sentence within the guidelines, rather than a sterile parsing of the language of Public Law No. 106-420 as it relates to the Appendix C commentary, and as that relates to the guidelines provision. We still find a guideline sentence to be appropriate, and re-adopt our reasons from the original sentencing hearing for that finding. Thus, after a careful review of the record, the presentence report, and the applicable law, Petitioner's motion to correct her sentence pursuant to 28 U.S.C. § 2255 is **GRANTED.** Petitioner's **SENTENCE IS CORRECTED AND MODIFIED AS FOLLOWS:**

(1)    Petitioner's original sentence is hereby **VACATED**;

(2)    the two-level enhancement applied to Petitioner's original sentence under U.S.S.G. § 2B1.1(b)(8)(D) is **REMOVED** from our consideration, reducing the applicable guideline range finding to 27-33 months; and

---

[5] Other courts have disposed of motions under § 2255 without a hearing. See Garcia-Quiroz v. United States, Nos. MO-06-CA-109-WRF, 2009 WL 1444445, at *28-29 (W.D. Tex. May 20, 2009) (vacating the convictions of three defendants under one count, but denying relief as to the other counts, without an evidentiary hearing).

6

(3)    Petitioner's sentence is **REDUCED BY 2 MONTHS,** making the total term of Petitioner's sentence 31 months instead of 33.[6]

An Amended Judgment to this effect will be signed.

SIGNED on this _5_ day of October, 2009, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[6]  Absent the two-level enhancement in U.S.S.G. § 2B1.1(b)(8)(D), Petitioner's total offense level will now be calculated at 18. This means that Petitioner's proper sentencing guideline range is between 27 and 33 months. Therefore, the corrected sentence falls well within the appropriate guideline range.